**UNITED STATES of America,**
**Appellee,**

v.

**Youssef FAKIH, also known as Joe**
**Habib, Defendant–Appellant.**

**No. 06–5219–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2008.

Marissa Molé, Assistant United States Attorney (Daniel W. Levy, 41 Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for 42 the Southern District of New York, New York, NY, for Appellee.

Robert Bennet Adler, P.C., New York, NY, for Defendant–Appellant.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant Youssef Fakih ("Fakih") appeals from a judgment of conviction in the United States District Court for the Southern District (Stein, *J.* ) for witness tampering. The underlying conduct occurred in connection with a grand jury investigation of a credit card fraud. Fakih attempted to persuade a potential witness to falsely tell the FBI that he never used the name "Habib" as an alias. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On this appeal followed Fakih challenges: (1) the district court's decision to sustain objections to questions by Fakih's attorney and admit evidence related to Fakih's alleged credit card fraud; (2) the government's summation; (3) the district court's response to a jury question; (4) venue; and (5) the constitutionality of 18 U.S.C. § 1512(b)

We review a district court's evidentiary rulings deferentially for abuse of discretion. *United States v. Rommy*, 506 F.3d 108, 137 (2d Cir.2007). Thus, we will reverse only where a ruling to admit or exclude evidence is manifestly erroneous. *United States v. Samet*, 466 F.3d 251, 254 (2d Cir.2006). As discussed below, none of the district court's rulings may be considered an abuse of discretion.

■ Fakih's attorney asked an FBI agent various questions about what Hassan Mazeh (Fakih's cousin and a potential witness) said regarding a store lease and the district court sustained hearsay objections to them because "it's being offered for the truth of whether or not [Mazeh] signed the lease." This ruling was correct. These statements do not constitute admissions because Mazeh is not an opposing party, *see* Fed.R.Evid. 801(d)(2). They are not admissible as declarations against penal interest under Fed.R.Evid. 804(b)(3) because Fakih can point to no evidence demonstrating that Mazeh was unavailable to testify. Fakih's attorney also attempted to question an FBI Agent about an unauthenticated writing purportedly signed by a "Mr. Habib." The district court correctly cut off questions about the document because the testimony Fakih sought constituted hearsay, and he was attempting to admit that testimony for its truth. Furthermore, the document had not been authenticated or admitted into evidence.

■ Fakih also claims that evidence, admitted under Fed.R.Evid. 404(b), of his participation in the underlying fraud was unfairly prejudicial. Given the govern-

ment's theory that Fakih's participation in the credit card fraud scheme motivated him to tamper with a witness and interfere with a grand jury's investigation of that same credit card fraud, as well as the district court's appropriate limiting instruction, the evidence is admissible under Rule 404(b) as proof of motive. *See United States v. Yousef,* 327 F.3d 56, 122 (2d Cir.2003) ("Because Rule 404(b) expressly permits evidence that establishes motive, intent, or plan, and these permissible evidentiary uses of the [evidence] outweighed any arguably impermissible use under Rule 403, we hold that the District Court did not abuse its discretion in admitting the [evidence] . . . ."). Furthermore, the district court correctly ruled that the probative value of the evidence outweighed its prejudicial impact. *See* Fed.R.Evid. 403.

■ In its summation, the government told the jury that Fakih signed the lease as "Habib," that Fakih knew about the fraud but claimed that his cousin did everything, that Fakih committed fraud, and that Fakih called witnesses for a certain purpose. Fakih did not object at the time, but now claims that the government's statements were unsupported by the record. If a defendant fails to make a timely objection to a statement contained in the prosecutor's summation, the statement will not be deemed a ground for reversal unless it amounts to a flagrant abuse. *United States v. Rivera,* 22 F.3d 430, 437 (2d Cir.1994). We see no such abuse.

■ Fakih also claims that the district court erred in responding to a jury note. "We review a claim of error in jury instructions *de novo,* reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.2003).

A jury note asked in part: "If Joe [Fakih] did not specifically ask Rothenberg to lie, (using the word 'lie') then must we find the defendant not guilty based upon your instruction on page 28 last paragraph?" The district court responded, "Jury, the answer to your specific question is 'no,' Mr. Fakih did not have to use the word 'lie.'" As the jury emphasized "using the word 'lie'" in its note and it is accurate that Fakih did not need to use that specific word, the district court's response to the note was correct.

■ Fakih's assertion that venue was improper in the Southern District of New York because the alleged witness tampering occurred in Brooklyn lacks merit. 18 U.S.C. § 1512(i) provides that a "prosecution under this section . . . may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected *or* in the district in which the conduct constituting the alleged offense occurred." (emphasis added).[1] The FBI interviewed Fakih's cousin Mazeh in connection with a credit card fraud scheme being investigated by a grand jury empaneled in the Southern District of New York and Fakih's cousin told them to talk with Rothenberg, a witness. Shortly after Mazeh told the FBI to talk with Rothenberg, Fakih met with Rothenberg and asked him to conceal certain information from the FBI. That evidence is sufficient to demonstrate that Fakih was trying to tamper with the grand jury investigation run out of the Southern District of New York—all that is required by 18 U.S.C. § 1512(i).

Finally, Fakih's argument that 18 U.S.C. § 1512(b) is unconstitutionally vague and overbroad is foreclosed by our decision in *United States v. Thompson,* 76 F.3d 442,

1. The district court correctly described the l he venue requirements of 18 U.S.C. § 1512 to the jury in response to a note. Fakih's argument to the contrary lacks merit.

452 (2d Cir.1996), where we upheld the constitutionality of § 1512 against attacks of vagueness and overbreadth. We have considered Fakih's remaining contentions and found them meritless.

For all the foregoing reasons, the district court's opinion is AFFIRMED.